| | |
|---|---|
| LAURENCE W. PARADIS (Bar No. 122336) | ARLENE MAYERSON (Bar No. 79310) |
| KEVIN KNESTRICK (Bar No. 229620) | SHIRA WAKSCHLAG (Bar No. 273548) |
| CHRISTINE CHUANG (Bar No. 257214) | DISABILITY RIGHTS EDUCATION |
| DISABILITY RIGHTS ADVOCATES | AND DEFENSE FUND, INC. |
| 2001 Center Street, Fourth Floor | 3075 Adeline Street, Sutie 210 |
| Berkeley, California 94704 | Berkeley, California 94703 |
| Telephone: (510) 665-8644 | Telephone: (510) 644-2555 |
| Facsimile: (510) 665-8511 | Fax/TTY: (510) 841-8645 |
| TTY: (510) 665-8716 | amayerson@dredf.org |
| Email: general@dralegal.org | swakschlag@dredf.org |

E-filing

BILL LANN LEE (Bar No. 108452)
CATHA WORTHMAN (Bar No. 230399)
JULIA CAMPINS (Bar No. 238023)
LEWIS FEINBERG LEE RENAKER & JACKSON, P.C.
476 9th Street
Oakland, California 94607
Telephone: (510) 839-6824
blee@lewisfeinberg.com
cworthman@lewisfeinberg.com
jcampins@lewisfeinberg.com

FILED
JUL 25 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR INDEPENDENT LIVING, INC., JANET BROWN, and LISA KILGORE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No.: **CV 12 3885 LB**<br><br>**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51, *et seq.*, and THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE §§ 54-54.3.**<br><br>**CLASS ACTION** |

## INTRODUCTION

1. This class action lawsuit challenges ongoing discrimination by defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") based on the company's refusal to provide accessible point of sale ("POS") terminals for consumers with mobility disabilities who use wheelchairs and scooters, at many of Wal-Mart's retail stores throughout California. POS terminals allow customers to input sensitive and private information in a secure manner such as their Personal Information Number (PIN); submit debit or credit card data by swiping a payment card; verify, authorize or cancel a transaction; submit a signature; provide the consumer with the option to select to receive cash-back from their account; select an amount of cash back to be provided; and perform other affiliated tasks which involve inputting, correcting, cancelling or entering information that is personal or affects access to personal information and finances.

2. POS terminals at multiple Wal-Mart stores are mounted at inaccessible heights so that customers who use wheelchairs or scooters have to struggle to process their payment securely or cannot see the display screens or independently use the terminals. Wal-Mart has for years known of the discriminatory impact of its inaccessible POS terminals for its customers with mobility disabilities, yet insists on continuing to use inaccessible devices in many of its stores. Reliable alternative POS terminal are readily available that would provide secure, independent and equal access.

3. Because many customers who use wheelchairs and scooters cannot easily view, reach and use Wal-Mart's POS terminals securely and independently, they must often process their transactions without knowing the information displayed on the POS viewscreen. Often, customers in wheelchairs and scooters must stretch and strain upwards just to try to see enough of the viewscreen to process the transaction using their credit or debit card. In multiple instances disabled customers have been forced to divulge private information such as their PIN to a cashier or other third party, ask the cashier or others to input information and select specific functions available at the POS terminals, and/or ask a cashier and/or others to sign on their behalf in order to complete transactions. These problems with the accessibility of the POS terminals are exacerbated by the fact that many of the POS terminals require extensive twisting and pinching

1  of customers' wrists and arms to adjust. These circumstances make the transaction payment
2  process at many Wal-Mart stores difficult for customers with disabilities.

3      4.    Wal-Mart has continued to use POS terminals mounted at inaccessible heights in
4  many of its stores despite the fact that alternative designs are readily available that make the
5  payment process much more accessible for people with disabilities. Many of Wal-Mart's
6  competitors utilize POS terminals mounted at lower heights and/or attached by cords that permit
7  greater flexibility of movement and operation. A number of Wal-Mart's own stores now use
8  POS terminals mounted at such lower heights, with equipment that allows for an easy adjustment
9  of the angle of the viewscreen. Despite the availability and feasibility of these options, Wal-
10 Mart refuses to replace older equipment in many of its stores which is mounted in a manner that
11 makes the payment process unmanageable for many wheelchair and scooter users.

12     5.    Through the Americans with Disabilities Act, Congress provided a clear and
13 national mandate for the elimination of discrimination against individuals with disabilities. Such
14 discrimination includes barriers to full integration, independent living, and equal opportunity for
15 persons with disabilities. Similarly, California law requires full and equal access to all business
16 establishments and places where the public is invited. By refusing to make modifications to its
17 POS equipment and check-out stands that would render its POS equipment accessible, Wal-Mart
18 is discriminating against persons with mobility disabilities who use wheelchairs and scooters in
19 violation of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, California's Unruh
20 Civil Rights Act, California Civil Code § 51 *et seq.* and the California Disabled Persons Act,
21 California Civil Code §§ 54-54.3.

22     **JURISDICTION**

23     6.    This is an action for declaratory relief, injunctive relief, and damages, brought
24 pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.*,
25 California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.* (the "Unruh Act") and
26 portions of the California Disabled Persons Act ("CDPA"), specifically California Civil Code §§
27 54-54.3.
28

(Left margin: DISABILITY RIGHTS ADVOCATES, 2001 CENTER STREET, FOURTH FLOOR, BERKELEY, CALIFORNIA 94704-1204, (510) 665-8644)

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA.

8. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over claims alleged herein arising under California state law.

## VENUE

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c).

11. Defendant Wal-Mart is registered to do business in California and has been doing business in California, including the Northern District of California. Wal-Mart has over 200 stores in California and numerous stores in the Northern District of California. Wal-Mart is subject to personal jurisdiction in this District. Wal-Mart has been and is committing the acts alleged herein in the Northern District of California, has been and is violating the rights of consumers in the Northern District of California, and has been and is causing injury to consumers in the Northern District of California. A substantial part of the acts and omissions giving rise to Plaintiffs' claims have occurred in the Northern District of California.

12. Members of the class reside in the Northern District of California. Named Plaintiffs Janet Brown and Lisa Kilgore reside in the District. Plaintiff Brown experienced injury in this District as a result of inaccessible POS terminals at a Wal-Mart store in Pittsburgh, California. Plaintiff Kilgore experienced injury in this District as a result of inaccessible POS terminals at the Wal-Mart store in Richmond, California. Additionally, the organizational Plaintiff Center for Independent Living ("CIL") is headquartered in Berkeley, California and serves class members within the District.

## PARTIES

13. Organizational Plaintiff CIL is a non-profit 501(c)(3) organization that was incorporated in California in 1971. CIL is headquartered in Berkeley, California. CIL is the first service and advocacy organization founded by and for persons with disabilities. CIL is dedicated

3
COMPLAINT

1   to supporting people with disabilities in their efforts to live independent lives. As part of its
2   mission, CIL works to ensure that all aspects of human experience are accessible to people with
3   disabilities.

4   14.   Given its mission, CIL has legal standing to represent the interests of California
5   residents who use wheelchairs and scooters. CIL has suffered injury due to the diversion of its
6   time and resources caused by the barriers at issue, including but not limited to CIL's attempts to
7   persuade Wal-Mart to address and respond to complaints regarding the inaccessibility of many of
8   its POS machines.

9   15.   Named Plaintiff Janet Brown is a resident of Pittsburgh, California. Ms. Brown is
10  an individual with a disability under all applicable statutes due to her mobility disability. She is
11  a wheelchair user who regularly shops at the Wal-Mart store located in Pittsburgh, California.
12  Ms. Brown cannot see the display screen of the POS terminals at this Wal-Mart and cannot
13  independently access the terminals. Ms. Brown was and currently is directly harmed by Wal-
14  Mart's failure to provide accessible POS terminals.

15  16.   Named Plaintiff Lisa Kilgore is a resident of San Pablo, California. Ms. Kilgore
16  is an individual with a disability under all applicable statutes due to her mobility disability. She
17  has used a wheelchair for over forty years. Ms. Kilgore visits the Wal-Mart store in Richmond,
18  California approximately five times per month. Ms. Kilgore is unable to see the display screens
19  of the POS terminals at this Wal-Mart store and cannot independently access the terminals. Ms.
20  Kilgore was and currently is directly harmed by Wal-Mart's failure to provide accessible POS
21  terminals.

22  17.   The Plaintiff class consists of all persons with disabilities who use wheelchairs
23  and scooters as mobility aids who have been and/or are being denied equal access to POS
24  terminals at Wal-Mart stores in California.

25  18.   Defendant Wal-Mart is the world's largest retailer and private employer. Wal-
26  Mart is a public company whose stock is traded on the New York Stock Exchange under the
27  symbol "WMT." Wal-Mart is a Delaware corporation with stores throughout California. Wal-
28  Mart's corporate headquarters are located in Bentonville, Arkansas. Wal-Mart operates retail

4
COMPLAINT

stores doing business as Wal-Mart, Wal-Mart Supercenters and Wal-Mart Discount Stores (hereinafter collectively "Wal-Mart stores").

19. Defendant Wal-Mart is responsible for the operations of Wal-Mart stores located throughout California including the stores located in Pittsburgh (#1615) and Richmond (#3455).

## CLASS ALLEGATIONS

20. Pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, the Named Plaintiffs bring this action, for injunctive and declaratory relief, and statutory damages, on their own behalf and on behalf of all persons similarly situated. The class the Named Plaintiffs seek to represent is composed of "all persons with disabilities who use wheelchairs and scooters as mobility aids who have been or who are currently being denied equal access to point of sale terminals at Wal-Mart stores in California."

21. The persons in the class are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and to the Court.

22. This case arises out of Wal-Mart's policy and practice of continuing to use inaccessible POS devices that deny persons in wheelchairs and scooters equal access to the benefits and services of its POS terminals and the benefits and services provided through its POS terminals, at multiple Wal-Mart stores.

23. The claims of the Named Plaintiffs are typical of the claims of the class as a whole because the Named Plaintiffs, or their members, are similarly affected by Defendant's failure to provide accessible POS terminals at multiple Wal-Mart stores.

24. The Named Plaintiffs are adequate class representatives because they, or their members, are directly impacted by Defendant's discrimination against them by failing to provide accessible POS terminals at Wal-Mart stores. The interests of the Named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorneys representing the class are experienced in representing clients with disabilities with class action civil rights claims.

25. Defendant has acted and/or failed to act on grounds generally applicable to the class as a whole, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

26. Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that Defendant has discriminated against them by failing to provide accessible POS terminals at multiple Wal-Mart stores. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

27. References to Plaintiffs shall be deemed to include each named plaintiff, organizational plaintiff and each member of the class, unless otherwise indicated.

## FACTS COMMON TO ALL ALLEGATIONS

28. There are over 2.7 million wheelchair users in the United States. Approximately 325,000 wheelchair users reside in California.

29. Wal-Mart has approximately 9,600 retail stores in 28 countries and consists of three different divisions: Wal-Mart Stores U.S., Sam's Club and Wal-Mart International. Wal-Mart claims to have over 200 million customers visiting its stores each week. Through its Wal-Mart and Sam's Club divisions, Wal-Mart operates over 4,000 stores across the United States. In California, Wal-Mart operates 76 Supercenters, 103 Discount Stores and 33 Sam's Clubs. In its last fiscal year, Wal-Mart had sales exceeding $310 billion in the United States. When its domestic and international operations are taken into account, Wal-Mart's sales totaled $419 billion.

30. Wal-Mart sells items at discount prices and prides itself on saving people money. Individuals who shop at Wal-Mart generally do so in part because Wal-Mart's prices are lower and its goods more affordable than at other retail stores.

31. At multiple stores, Wal-Mart refuses to provide accessible POS terminals for its disabled customers even though accessible designs are readily available and affordable. Wal-Mart continues to deny patrons in wheelchairs and scooters who shop at these stores full and equal access in spite of its vast resources and its ability to provide appropriate accessible equipment.

32. Most POS terminals in Wal-Mart stores are located at individual check stands at the "front end" of the stores and are used for the vast majority of all customer transactions. POS terminals allow customers to input sensitive and private information such as their Personal Information Number (PIN); submit debit or credit card data by swiping a payment card; verify, authorize or cancel a transaction; submit a signature; provide the consumer with the option to select to receive cash-back from their account; select an amount of cash back to be provided; and perform other affiliated tasks such as using coupons and authorizing charitable donations, which involve inputting, correcting, cancelling or entering information that is personal or affects access to personal information or resources. The POS terminals at multiple Wal-Mart locations are mounted at inaccessible heights so that customers in wheelchairs or scooters cannot see the display screens or reach the terminals. Wal-Mart has followed a uniform policy at many of its stores of providing POS terminals at the front end of its stores that are positioned at a height and in a manner that denies full and equal access to disabled customers in wheelchairs and scooters.

33. The POS terminals at Wal-Mart stores include a type of LCD (liquid crystal display) or LED (light emitting diode) display, which provides information necessary to the transaction in a visual format (hereafter "display screen"). To process their payments securely and independently, customers generally need to be able to fully see the information displayed on the POS screen.

34. As a result of the height and positioning of POS terminals at multiple Wal-Mart locations, to successfully complete a transaction, many customers in wheelchairs and scooters are forced to struggle with inaccessible equipment during the purchase/check-out process. Often, customers with disabilities must stretch and strain just to try and see the information displayed on these screens and enter the necessary PIN or sign for a credit card transaction. Often, customers with disabilities cannot see all the information that is displayed. At times, customers with disabilities cannot enter their PIN or sign their signatures without great difficulty if at all. Conducting debit and credit card transactions requires many of these customers to request assistance from cashiers to input information and/or provide signatures on their behalf.

35. The POS terminals at multiple Wal-Mart stores, as configured, cannot be adjusted to provide access to those in wheelchairs and scooters. Customers in wheelchairs and scooters at multiple Wal-Mart stores who attempt to adjust or move the POS terminals find great difficulty in doing so. Moving the devices often requires twisting and pinching of wrists and arms. At times, the force required to adjust the viewing angle of these devices is so great as to lead to the devices breaking apart when disabled customers try to adjust them. This is highly embarrassing for the customer with a disability.

36. Some customers with disabilities who do not wish to reveal private information to cashiers or have cashiers sign on their behalf are completely precluded from using the POS terminals at checkout stands at multiple Wal-Mart stores. These customers are required to either use cash, which they may not wish to do for a variety of reasons, or leave the store without purchasing any items.

37. At Wal-Mart stores, paper printouts are not available as an alternative method to convey the information and provide the signature functions involved in a POS transaction.

38. The above-described facts create an ongoing, systemic pattern and practice of discrimination against Wal-Mart customers who use wheelchairs or scooters. This discrimination includes, *inter alia*: failing to ensure such individuals have full and equal access to POS terminals so that they may independently and easily use credit or debit cards to conduct transactions or take advantage of other services available at POS terminal when purchasing retail goods.

39. In 2005, Disability Rights Education and Defense Fund (DREDF) contacted Wal-Mart regarding the inaccessibility of the company's POS terminals and invited Wal-Mart to participate in structured settlement negotiations to resolve DREDF's concerns. Wal-Mart declined this invitation.

40. Prior to filing this lawsuit, counsel for Plaintiffs notified Wal-Mart by certified mail of their continuing concern about the inaccessibility of the company's POS terminals at multiple Wal-Mart stores and provided detailed information regarding their allegations of

1  continuing violations of federal and state nondiscrimination laws. Wal-Mart was provided with
2  the opportunity to resolve the matter without a lawsuit but Wal-Mart declined.

### EXPERIENCES OF NAMED PLAINTIFFS

4  41. Plaintiff Janet Brown is a resident of Pittsburgh, California who is physically disabled. Ms. Brown is a wheelchair user. Ms. Brown visits the Wal-Mart store located in Pittsburgh, California once or twice a week. Ms. Brown cannot see the display screen of the POS terminals at this store and therefore cannot see the prices of items or her total. Ms. Brown prefers to use her debit card to purchase items, but requires cashier assistance to input her confidential PIN.

10  42. Plaintiff Lisa Kilgore is a resident of San Pablo, California who is paraplegic. Ms. Kilgore has used a wheelchair for 44 years. Ms. Kilgore shops at the Wal-Mart store located in Richmond, Calfiornia. Ms. Kilgore prefers to shop at Wal-Mart because of Wal-Mart's low prices. Ms. Kilgore is not able to see the display screens of the POS terminals at this Wal-Mart store because they are mounted too high. Despite the fact that Ms. Kilgore would prefer to use a debit card to purchase items, she cannot privately enter her PIN into the POS terminals because the display screens are mounted too high.

17  43. Plaintiff Center for Independent Living ("CIL") maintains headquarters in Berkeley, California. CIL provides services, support and advocacy to enhance the rights and abilities of people with disabilities to actively participate in their communities and lead self-determined lives. CIL encourages people with disabilities to make their own choices and works to open doors in the community to full participation and access for all. CIL's consumer services give people with disabilities the tools and resources they need to achieve independence. All of these services are free and feature advocacy, counseling, education and referrals.

24  44. CIL has had to divert its organizational resources due to Defendant's discriminatory conduct. Among other things, CIL has expended staff time and resources informing consumers with mobility disabilities of their rights and the responsibilities under the ADA and state disability laws as consumers and Wal-Mart's obligation to provide equal access

9
COMPLAINT

to the benefits and services it provides to persons with disabilities. CIL has also diverted its resources through prior unsuccessful efforts to convince Wal-Mart to fix the barriers at issue.

## FIRST CAUSE OF ACTION

### Violation of Title III of the Americans with Disabilities Act
### (42 U.S.C. § 12181 *et seq.*)

45. Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 44, inclusive.

46. Title III of the ADA entitles disabled individuals to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

47. Title III prohibits public accommodations from excluding an individual with a disability or a class of individuals with disabilities on the basis of a disability or disabilities of such individual or class, from participating in or benefiting from the goods, services, facilities, privileges, advantages or accommodations of the entity or otherwise discriminating against a person on the basis of disability. 42 U.S.C. § 12182(b)(1)(A)(i).

48. Title III prohibits public accommodations from affording an individual or class of individuals with a disability, on the basis of a disability or disabilities of such individual or class, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

49. Title III prohibits public accommodations from providing an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals. 42 U.S.C. § 12182(b)(1)(A)(iii).

50. Title III provides that goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual. 42 U.S.C. § 12182(b)(1)(B).

51. Title III provides that an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different. 42 U.S.C. § 12182(b)(1)(C).

52. Title III defines discrimination to include the failure of a public accommodation to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently that other individuals because of the absences of auxiliary aids and services; and to remove architectural barriers that are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. §12182(b)(2)(A)(ii)-(iv).

53. Title III further defines discrimination as a public accommodation's failure to design and construct facilities that are readily accessible to and usable by individuals with disabilities (later than 30 months after July 26, 1990) and, with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible the altered portions of the facility are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(1)-(2).

54. Wal-Mart is a place of public accommodation. *See* 42 U.S.C. § 12181(7)(E).

55. The Named Plaintiffs, and the constituency the organizational plaintiff CIL serves are qualified individuals with disabilities within the meaning of the ADA.

56. Patrons of Wal-Mart stores with mobility disabilities who use wheelchairs and scooters have been denied full and equal access to Wal-Mart's goods, service, facilities, privileges, advantages, and accommodations. Defendant has failed to take sufficient steps to remedy its discriminatory conduct. These violations are ongoing.

57. Defendant has violated Title III of the ADA by failing to make reasonable modifications to its policies, practices, or procedures to ensure that POS terminals are accessible to customers with mobility disabilities.

11
COMPLAINT

58. Defendant has violated Title III of the ADA by excluding Plaintiffs from its services because it has not provided auxiliary aids which would render its POS terminals accessible.

59. Defendant has violated Title III of the ADA by failing to remove barriers to its POS terminals. Removal of such barriers is readily achievable.

60. Plaintiffs are entitled to injunctive relief. 42 U.S.C. § 12888.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### Violation of the California Unruh Civil Rights Act
### (California Civil Code § 51 *et seq.*)

61. Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 44, inclusive.

62. Defendant operates business establishments within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

63. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

64. The Unruh Act provides, *inter alia*, that a violation of the ADA, §§ 12101 *et seq.*, also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

65. Wal-Mart is a "business establishment" within the meaning of the Unruh Act. Cal Civ. Code § 51(b).

66. Defendant generates hundreds of millions of dollars of revenue from the sale of goods in California through its approximately 200 stores in California. The POS terminals at Wal-Mart stores are accommodations, advantages, facilities, privileges, and services provided by Defendant. The POS terminals at multiple Wal-Mart stores are inaccessible to patrons who use wheelchairs and scooters. By providing POS terminals that are inaccessible, Wal-Mart

intentionally denies wheelchair and scooter users full and equal access to the accommodations, advantages, facilities, privileges, and services that Defendant makes available to the non-disabled public, in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.* These violations are ongoing.

67. Defendant's discriminatory conduct alleged herein includes, *inter alia*, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. California Civil Code § 51(f).

68. The actions of Defendant have violated and continue to violate the Unruh Act and therefore Plaintiffs are entitled to injunctive relief to remedy the discrimination.

69. Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Ca. Civ. Code § 52(b).

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION

**Violation of the California Disabled Persons Act**
**(California Civil Code §§ 54-54.3)**

70. Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 44, inclusive.

71. The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all "places of public accommodation" and "other places to which the general public is invited" within the jurisdiction of the state of California. Cal. Civ. Code § 54.1(a)(1).

72. Defendant offers retail goods and services to the general public at a place of public accommodation and in a place to which the general public is invited, within the jurisdiction of the state of California, and therefore is obligated to comply with the following provisions of the California Disabled Persons Act: California Civil Code §§ 54-54.3.

73. The CDPA provides, *inter alia*, that a violation of the ADA, 42 U.S.C. §§ 12101 *et seq.*, also constitutes a violation of the CDPA. Cal. Civ. Code § 54.1(d).

13
COMPLAINT

74. Wal-Mart is a "place of public accommodation" or "other place where the public is invited" within the meaning of California Civil Code §§ 54.1-54.3.

75. Wal-Mart's POS terminals constitute accommodations, advantages, facilities, and privileges provided by Wal-Mart to members of the public and are, therefore, subject to the access requirements of California Civil Code § 54.1 applicable to all "places of public accommodation" and "other places to which the general public is invited."

76. By failing to ensure its POS terminals are accessible to consumers with mobility disabilities that use wheelchairs or scooters, Defendant has violated the CDPA by failing to provide disabled persons full and equal access to its services and facilities.

77. Plaintiffs are entitled to statutory minimum damages for each offense of the CDPA. Cal Civ. Code § 54.3(a).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief on behalf of Plaintiffs and the Class)

78. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

79. An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendant denies that by providing inaccessible POS terminals at public accommodations and business establishments throughout California it fails to comply with applicable laws including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, California Civil Code §§ 51, *et seq.*, and California Civil Code §§ 54-54.3.

80. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

## PRAYER FOR RELIEF

81. A declaration that Wal-Mart is violating the law by: 1) failing to provide the auxiliary aids and services necessary to render Wal-Mart's POS terminals at multiple stores in

1. California accessible to people with disabilities who use wheelchairs and scooters; 2) failing to reasonably modify Wal-Mart's policies and procedures to provide POS terminals which are accessible to people with disabilities who use wheelchairs and scooters; and 3) failing to remove readily achievable barriers at POS terminals, for Plaintiffs and similarly situated individuals with disabilities who use wheelchairs or scooters, as required by the ADA, Unruh Act and CDPA;

82. An order enjoining Defendant and its employees, agents, and any and all other persons acting on Defendant's behalf or under Defendant's control from violating the ADA and the Unruh Act;

83. A permanent injunction pursuant to the ADA and the Unruh Act requiring Defendant to institute and implement policies and procedures that ensure that individuals in wheelchairs or scooters have nondiscriminatory, full and equal independent access to POS terminals so that they may use credit or debit cards to conduct non-cash transactions when purchasing retail goods;

84. An order certifying this case as a class action under Fed. R. Civ. P. 23(a), and 23(b)(2) and/or 23(b)(3) appointing Plaintiffs as Class Representatives, and their attorneys as Class Counsel;

85. Damages in an amount to be determined by proof, including all applicable statutory damages; Cal. Civ. Code § 52(a); Cal. Civ. Code § 54.3.

86. An order awarding Plaintiffs reasonable attorneys' fees and costs, as authorized by 42 U.S.C. § 12188, Cal. Civ. Code § 52 and Cal. Civ. Code § 54.3; and

87. For such other and further relief as the Court deems just and proper.

Dated: July 25, 2012

Respectfully Submitted,

DISABILITY RIGHTS ADVOCATES

By: /s/ K. Knestrick

Laurence W. Paradis
Kevin M. Knestrick
Christine Chuang

| | |
|---|---|
| 1 | DISABILITY RIGHTS AND EDUCATION FUND, INC. |
| 2 | Arlene Mayerson |
| 3 | Shira Wakschlag |
| 4 | LEWIS FEINBERG LEE RENAKER & JACKSON, P.C |
| 5 | Bill Lann Lee |
| 6 | Catha Worthman<br>Julia Campins |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644