LAURENCE W. PARADIS (Bar No. 122336)
KEVIN KNESTRICK (Bar No. 229620)
CHRISTINE CHUANG (Bar No. 257214)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, California 94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
Email: general@dralegal.org

ARLENE MAYERSON (Bar No. 79310)
SHIRA WAKSCHLAG (Bar No. 273548)
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
3075 Adeline Street, Sutie 210
Berkeley, California 94703
Telephone: (510) 644-2555
Fax/TTY: (510) 841-8645
amayerson@dredf.org
swakschlag@dredf.org

BILL LANN LEE (Bar No. 108452)
CATHA WORTHMAN (Bar No. 230399)
LEWIS FEINBERG LEE RENAKER & JACKSON, P.C.
476 9th Street
Oakland, California 94607
Telephone: (510) 839-6824
blee@lewisfeinberg.com
cworthman@lewisfeinberg.com
jcampins@lewisfeinberg.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR INDEPENDENT LIVING, INC., JANET BROWN, and LISA KILGORE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No. C 12-3885 CRB<br><br>**JOINT STIPULATION AND MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER NO. 56 TO PERMIT PARTIES TO PURSUE ALTERNATIVE SETTLEMENT PROCEDURES; [proposed] ORDER**<br><br>Judge: Hon. Charles R. Breyer |

JOINT STIPULATION CV 12-3885 CRB

**Case Background**

Plaintiffs Center for Independent Living, Inc., Janet Brown and Lisa Kilgore (collectively "Plaintiffs") filed a Class Action Complaint to initiate this action on July 25, 2012 seeking declaratory relief, injunctive relief, damages, and attorneys' fees and costs on behalf of a proposed class of individuals with mobility disabilities. Plaintiffs' Complaint alleges generally that Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") use and placement of point of sale terminals at Wal-Mart stores in California violates the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act") and portions of the California Disabled Persons Act ("CDPA"), specifically California Civil Code §§54-54.3. *Docket No. 1.* Wal-Mart denies the allegations in Plaintiffs' Complaint, denies that Plaintiffs are entitled to any remedy, relief, or damages, and further denies that Plaintiffs have been damaged in any amount or at all.

Upon the filing of the Complaint, Plaintiffs received the Court's "Scheduling Order For Cases Asserting Denial of Right of Access Under Americans with Disabilities Act Title II & III (42 U.S.C. §§ 12131-89)." *Docket No.2.* The Scheduling Order, which applies the timelines suggested in the Court's General Order No. 56, established the following schedule:

| Date | Event | Rule(s) |
|---|---|---|
| 7/25/2012 | Complaint filed | |
| 9/24/2012 | Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline | General Order 56; Civil Local Rule 7-11 |
| 7 days before Joint Site Inspection | Last day for parties to complete initial disclosures, including defendant's disclosure re construction or alteration history of subject premises | FRCivP 26(a); General Order 56 ¶2; |
| 11/7/2012 | Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement | General Order 56 ¶3,4; |
| 28 business days after Joint Site Inspection | Last day for parties to meet and confer in person to discuss settlement | General Order 56 ¶4; |
| 42 days after Joint Site Inspection | Last day for plaintiff to file "Notice of Need for Mediation" | General Order 56 ¶7; |
| 7 calendar days after mediation | Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference | General Order 56 ¶8; Civil Local Rule 7-11 |

**The Parties' Stipulated Request**

1. The parties have met and conferred regarding the applicability of the Scheduling Order and General Order No. 56 to the case and have discussed exploring whether this case can be settled on a class wide basis without the need for further litigation. General Order No. 56 – with its early facility inspection requirements – does not appear to be designed for class actions involving multiple facilities such as the instant case. In order to facilitate further settlement discussions among the parties, to accommodate the very busy upcoming holiday season, and in the interest of preserving resources, the parties have discussed and now propose an alternative stipulated schedule to the Court. The alternative stipulated schedule would permit the parties to explore the possibility of settlement using procedures that differ from those set forth in the Scheduling Order and General Order No. 56, yet that are similarly focused on determining whether this class action, which alleges access violations, can be resolved prior to appearing before the Court for an initial case management conference. The parties further submit that this case is styled as a class action; that, if a class were to be certified, the Court and the parties could become embroiled in expensive and time-consuming litigation relating to placement and accessibility of point of sale devices in potentially hundreds of stores throughout the state; and that it is more efficient and more likely to promote the potential settlement of this action if the parties forgo the joint site inspection required under General Order No. 56 of alleged barriers at a specific Wal-Mart store, and instead proceed to facilitated mediation.

The parties' proposal ensures that the underlying goals of General Order No. 56 are accomplished by proposing: the exchange of initial disclosures required under Federal Rule of Civil Procedure 26(a)(1); the exchange of information described in General Order No. 56, ¶¶ 2-6; and that a mediator preside over settlement negotiations. The parties' proposal extends by a few months the schedule established by the Scheduling Order and General Order No. 56 to allow sufficient time for attempting to resolve the case prior to the parties' appearance at an initial case management conference. Due to the nature of this case, the parties submit that this additional time is warranted and will facilitate settlement negotiations.

//

1    IT IS HEREBY STIPULATED between and among the parties by and through their
2 respective counsel of record, subject to the approval of the Court, which Plaintiffs and Defendant
3 jointly request, as follows:

4  - The parties shall be relieved of their obligations to comply with the Scheduling
5    Order and General Order No. 56.
6  - On or before **December 19, 2012**:  The parties shall complete the Initial
7    Disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.
8  - On or before **April 19, 2013**:  The parties shall attend mediation before a mutually
9    agreed upon mediator at JAMS Arbitration, Mediation and ADR services, or such
10   other mediation service as the parties may select, for the purpose of discussing the
11   complete resolution of Plaintiffs' claims.  Prior to the mediation the parties agree
12   to exchange information and documents relevant to the parties' dispute that may
13   facilitate settlement, including the information required by General Order No. 56,
14   ¶¶ 2-6.  If the parties are unable to conclude a mediation prior this date, the parties
15   agree to promptly inform the Court.
16  - On or before **May 10, 2013**:  The parties agree to submit to the Court a Status
17   Report informing the Court of the status of their settlement negotiations.
18  - On or before **May 10, 2013**:  If the parties are unable to resolve the case prior to
19   this date the parties shall also file a Joint Case Management Conference Statement
20   providing all information required by the Court's Standing "Order Setting Case
21   Management Conference" (dated May 9, 2011).
22  - On **Friday, May 17, 2013, at 8:30 a.m.**, in Courtroom 6, 17th Floor, 450 Golden
23   Gate Avenue, San Francisco, California, or as is convenient for the Court:  The
24   parties shall appear for a Case Management Conference pursuant to Rule 16 of the
25   Federal Rules of Civil Procedure before Judge Charles R. Breyer.
26 / /
27 / /
28 / /

Respectfully Submitted,

Dated: November 19, 2012                    DISABILITY RIGHTS ADVOCATES


                                            By: /s/ Kevin Knestrick
                                                Kevin Knestrick

                                            Counsel for Plaintiffs


Dated: November 19, 2012                    JONES DAY


                                            By: /s/ Robert A. Naeve
                                                Robert A. Naeve

                                            Counsel for Defendant
                                            WAL-MART STORES, INC.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: November 21, 2012                    By: _____
                                                The Honorable
                                                United States
                                                Northern District of California

*IT IS SO ORDERED — Judge Charles R. Breyer*

JOINT STIPULATION CV 12-3885 CRB

- 5 -