```
 1  Robert A. Naeve (State Bar No. 106095)
    rnaeve@jonesday.com
 2  Steven M. Zadravecz (State Bar No. 185676)
    szadravecz@jonesday.com
 3  Mark E. Earnest (CA State Bar No. 253490)
    mearnest@jonesday.com
 4  JONES DAY
    3161 Michelson Drive, Suite 800
 5  Irvine, CA  92612.4408
    Telephone:    (949) 851-3939
 6  Facsimile:    (949) 553-7539

 7  Attorneys for Defendant
    WAL-MART STORES, INC.
 8
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| CENTER FOR INDEPENDENT LIVING, INC., JANET BROWN, and LISA KILGORE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Lead Case No. C 12-3885 CRB<br><br>STIPULATION FOR 60-DAY STAY WHILE PURSUING RESOLUTION AND [~~PROPOSED~~] ORDER THEREON<br><br>Judge: Hon. Charles R. Breyer |
|---|---|
| GEORGE PARTIDA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Consolidated Case No. C 13-00305 YGR |

Plaintiffs Center for Independent Living, Inc., Janet Brown, and Lisa Kilgore (collectively, the "CIL Plaintiffs"), on the one hand, and defendant Wal-Mart Stores, Inc. ("Wal-Mart"), on the other hand, enter into this Stipulation with reference to the following facts:

# RECITALS

A. On April 3, 2013, this Court ordered the two cases – *Partida v. Wal-Mart Stores, Inc.* and *Center for Independent Living, Inc., et al. v. Wal-Mart Stores, Inc.* – consolidated for all purposes. (*Docket No. 28.*) The Court also granted the motion brought by counsel for the CIL Plaintiffs to be appointed interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). (*Docket No. 27.*) In the order appointing interim class counsel, this Court gave counsel for the CIL Plaintiffs the authority to "[e]nter[] into stipulations, with opposing counsel, necessary for the conduct of the litigation" and designate "which attorneys may appear at settlement negotiations on behalf of the putative class and conducting settlement negotiations with defendant." (*Id.*)

B. On April 25, 2013, to accommodate the parties' agreed-upon mediation schedule, this Court agreed to modify its prior November 2012 order by continuing the deadline for the parties to attend mediation to June 7, 2013 and to report on the results of the mediation to June 14, 2013 (the "April 2013 Order"). (*Docket No. 30.*) On May 7, 2013, on its own action, this Court: (a) continued the date for the parties to submit a Case Management Conference Statement to June 14, 2013, and (b) continued the Case Management Conference in this action to June 21, 2013.

C. Consistent with the April 2013 Order, the parties exchanged information and documents relevant to this action. On June 7, 2013, the parties attended a full day of mediation before mediator David Rotman in San Francisco, California. The mediation was fruitful and the parties made significant progress toward a possible resolution. At mediation, the parties prepared a memorandum of understanding ("MOU") establishing the steps the parties agreed to take to assess Point of Sale ("POS") devices which are acceptable to both parties. To further efforts at resolution, the parties agreed to consider and evaluate detachable POS devices that can be tethered to the front checkout aisles at a height more readily accessible to Plaintiffs, and which comply with all industry guidelines and are acceptable to Wal-Mart. The parties also agreed to stay litigation and focus their actions on addressing the contingencies and conditions that will facilitate a settlement in this case.

D.   On June 17, 2013, this Court granted the parties' stipulation and ordered a 90-day stay of litigation until September 20, 2013 while the parties continued to explore resolution options (the "June 2013 Order"). (*Docket No. 32.*) In addition, the Court: (a) confirmed the parties' stipulation that all communications between the parties shall be confidential, privileged, and protected by Rule 408 of the Federal Rules of Evidence; (b) ordered the parties to file a joint status report on or before September 13, 2013; and (c) vacated the Case Management Conference. (*Id.*)

E.   Consistent with the June 2013 Order, the parties communicated consistently with each other, their clients, and several third-party vendors in an effort to find and/or develop POS device mounts that satisfy the parties' concerns with, among other things, accessibility and security. Those efforts included the evaluation of commercially available alternatives and prototypes that are attached to the checkout stand utilizing a swinging arm (as opposed to the tethered cord previously considered) and that can be positioned at a height more readily accessible to Plaintiffs and comply with all industry guidelines.

F.   On September 10, 2013, this Court granted the parties' stipulation and extended the stay of litigation through December 27, 2013, so the parties could continue exploring resolution options (the "September 2013 Order"). (*Docket No. 34.*) In addition, the Court: (a) confirmed the parties' stipulation that all communications between the parties shall be confidential, privileged, and protected by Rule 408 of the Federal Rules of Evidence; (b) ordered the parties to file a joint status report on or before December 20, 2013; and (c) vacated the Case Management Conference. (*Id.*)

G.   Consistent with the September 2013 Order, since no commercially available POS device mount existed that satisfied all of the parties' concerns, Wal-Mart worked with a third party to create a novel POS device mount design and prototype. However, the prototype required significant modifications before it could be installed and tested on Wal-Mart's existing checkstands. Ultimately, there were a number of issues that foreclosed the possibility of this mount as a realistic solution. Wal-Mart communicated consistently about these issues with

Plaintiffs, and set to work on a new design and prototype. Wal-Mart provided Plaintiffs with pictures of this second prototype, and Plaintiffs communicated that they were pleased with the design.

H. On January 2, 2014, this Court granted the parties' stipulation and extended the stay of litigation through April 4, 2014, so the parties could continue exploring resolution options (the "January 2014 Order"). (*Docket No. 36.*) In addition, the Court: (a) confirmed the parties' stipulation that all communications between the parties shall be confidential, privileged, and protected by Rule 408 of the Federal Rules of Evidence; (b) ordered the parties to file a joint status report on or before March 28, 2014; and (c) vacated the Case Management Conference. (*Id.*)

I. Since the January 2014 Order, the parties have worked diligently to find a suitable resolution to this matter. In particular, Wal-Mart has continued to work with a third party to test and refine the second POS mount prototype, which included installing the prototype in an Wal-Mart store in Arkansas for testing. Plaintiffs are eager to schedule an in-person test of the prototype in a store near them in California. This visit has been delayed due to calendaring conflicts as well as the difficulty associated with uninstalling, shipping, and reinstalling the mount prototype. The parties have scheduled the in-person test for April 2, 2014.

J. The parties are committed to moving this matter forward toward resolution and hope to resolve the matter without the need for further formal discovery, motion practice or trial. Accordingly, at this juncture, the parties request an additional 60-day stay in this matter so that they can focus their efforts on continuing to explore avenues for settlement and addressing the conditions set forth in their MOU. The parties agree to submit a formal joint report at the end of any approved stay to apprise the Court of the status of the parties' efforts to resolve the matter.

K. For the reasons outlined above, the parties submit that good cause exists to stay the case for approximately 60 days, keep off calendar the Case Management Conference and related date to submit a Case Management Conference Report, and set a date for a formal report on the

parties' progress toward resolution on or around May 30, 2014.

## STIPULATION

Based on the facts stated above and subject to this Court's approval, the parties stipulate as follows:

1. The parties shall file with this Court on or before **May 30, 2014** a joint report apprising the Court of the status of the parties' further settlement discussions, as well as any additional efforts to resolve the case during the stay.

2. This action (meaning the consolidated cases of *Center for Independent Living v. Wal-Mart Stores, Inc.* and *Partida v. Wal-Mart Stores, Inc.*), including all discovery and motion practice, shall be stayed until **June 6, 2014.**

3. Any and all communications by and between the parties, their attorneys and the mediator regarding or related to resolution and potential use of detachable POS devices shall be confidential, privileged, and protected by Rule 408 of the Federal Rules of Evidence.

4. The Case Management Conference shall remain off calendar, and shall be reset by order of the Court following the parties' May 30, 2014 joint report on the status of settlement efforts.

**IT IS SO STIPULATED:**

Dated: March 26, 2014.

Jones Day

By: _____
Steven M. Zadravecz

Counsel for Defendant
WAL-MART STORES, INC.

Dated: March 28, 2014.

Disability Rights Advocates

By: _____
Kevin Knestrick
Larry Paradis
Christine Chuang

Interim Class Counsel

## ORDER

The Court has read and considered the parties' Stipulation For 60-Day Stay While Pursuing Resolution and finds that good cause exists to grant the relief requested. **IT IS SO ORDERED.**

Dated: April 2, 2014.

By: _____
The Honorable Charles R. Breyer
United States District Court Judge
Northern District of California

IRI-61388v1